IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
No. __:__-CV-___-___

| | |
|---|---|
| JACKLYN IRIZARRY, REBECCA HERLIHY, and JESSICA HICKS, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | **NOTICE OF REMOVAL** |

NOW COMES Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] and hereby removes the above-captioned action (the "Action") from the General Court of Justice, Superior Court Division of Forsyth County, North Carolina (the "State Court"), to the United States District Court for the Middle District of North Carolina, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Removal is proper under 28 U.S.C. § 1441(a). Defendant appears for the purpose of removal only. Defendant further reserves all rights and defenses. Defendant states the following as grounds for removal:

**INTRODUCTION**

1. Plaintiffs Jacklyn Irizarry ("Irizarry"), Rebecca Herlihy ("Herlihy"), and Jessica Hicks ("Hicks," and together with Irizarry and Herlihy, "Plaintiffs"), assert three causes of action flowing from a trust dispute. This Court has original subject matter jurisdiction because complete diversity exists between the Parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

---

[1] Wells Fargo notes that while Plaintiff originally identified the defendant as "WELLS FARGO, N.A.," the proper legal entity is Wells Fargo Bank, N.A.

2. Wells Fargo reserves all rights to supplement or amend this Notice of Removal in the event that additional grounds for removal become apparent.

## THE PARTIES

3. Plaintiff Jacklyn Irizarry is a citizen of New Jersey.

4. Upon information and belief, Plaintiff Rebecca Herlihy is a citizen of New Jersey.

5. Upon information and belief, Plaintiff Jessica Hicks is a citizen of North Carolina.

6. Wells Fargo is a national banking association organized under the laws of the United States and headquartered in Sioux Falls, South Dakota.

## PROCEDURAL BACKGROUND

7. On July 7, 2025, Plaintiffs initiated this Action in the General Court of Justice, Superior Court Division of Forsyth County, North Carolina, by filing a Complaint styled as *Jacklyn Irizarry, Rebecca Herlihy, and Jessica Hicks v. Wells Fargo, N.A., as former Trustee of the Vita Lefkowitz Irrevocable Trust*, and bearing File No. 25-CVS-004549-330 (the "State Court Action").

8. On July 17, 2025, Wells Fargo accepted receipt of a copy of the Complaint.

9. A copy of the Complaint and Summons filed in the State Court Action are attached hereto as **Exhibit A**.

10. Pursuant to 28 U.S.C. § 1446(d), Wells Fargo will provide written notice of the removal to the Plaintiffs in this action and will file a copy of this Notice of Removal with the State Court. A copy of the Notice of Filing Notice of Removal (without exhibits) is attached hereto as **Exhibit B**.

11. Exhibits A and B constitute all of the process, pleadings, and orders served in the State Court Action. *See* 28 U.S.C. § 1446(a). Wells Fargo has not answered, moved, or otherwise responded to Plaintiffs' Complaint in the State Court Action.

12. Wells Fargo filed this Notice of Removal within thirty (30) days of the date it accepted receipt of a copy of the Complaint. No motions or other proceedings in this Action are pending in State Court.

## JURISDICTIONAL GROUNDS FOR REMOVAL

13. A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *see also Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).

14. "[A] defendant may remove a case to federal court if the parties are diverse and meet the statutory requirements for diversity jurisdiction." *Id.* (citing 28 U.S.C. §§ 1332, 1441(b); *Richardson v. Kruchko & Fries*, 966 F.2d 153, 155 (4th Cir. 1992)).

15. Here, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity jurisdiction.

16. In the Complaint in the State Court Action, Plaintiffs seek compensatory damages, attorneys' fees, and costs, arising from Wells Fargo's alleged breaches of its obligations as Trustee of the Vita Lefkowitz Irrevocable Trust. Plaintiffs raise three claims for relief: (1) "Breach of Fiduciary Duty," (2) "Negligence," and (3) "Constructive Acceptance." Compl. p. 2.

17. The Complaint seeks "damages in an amount to be determined at trial," including "approximately $8.5 million" in damages for "lost investment value." *Id.* at 2–3. The Complaint also seeks attorneys' fees and costs. *Id.* at 3. Thus, based on Plaintiffs' Complaint, the amount in controversy exceeds $75,000.

18. Upon information and belief, Plaintiff Irizarry is a citizen of New Jersey, Plaintiff Herlihy is a citizen of New Jersey, and Plaintiff Hicks is a citizen of North Carolina. *See* Declaration of Kenneth Cohen, attached hereto as **Exhibit C**. Therefore, Plaintiffs are citizens of New Jersey and North Carolina.

3

19. Wells Fargo is a national banking association organized under the laws of the United States, with its headquarters in Sioux Falls, South Dakota. Therefore, for diversity purposes, Wells Fargo is a citizen of South Dakota because its articles of association establish that location as its main office. *See* Declaration of Kenneth Cohen; *see also* 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Rouse v. Wachovia Mort., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (holding that Wells Fargo Bank, N.A., is a citizen of only South Dakota); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) ("Wells Fargo is a citizen of South Dakota for diversity purposes."); *Hargrow v. Wells Fargo Bank, N.A.*, 491 F. App'x 534, 536 (6th Cir. 2012) (same).

20. Because the amount in controversy exceeds $75,000, and Plaintiffs are citizens of different states than Wells Fargo, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

21. If any questions arise as to the propriety of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of the position that this case is removable, or in the alternative, for limited jurisdictional discovery.

22. Venue is proper in this Court for removal purposes because this Court is "the district of the United States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 113(b).

**OTHER PROCEDURAL REQUIREMENTS**

23. Pursuant to 28 U.S.C. § 1446(b), Wells Fargo will promptly file a Notice of Filing of Notice of Removal with the Clerk of the State Court. Wells Fargo will also serve Plaintiffs with a copy of the Notice of Filing and the Notice of Removal.

4

24. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Wells Fargo will file with this Court a Certificate of Service of the Notice of Filing and Notice of Removal.

25. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

26. By filing this Notice of Removal, Wells Fargo does not waive, and expressly reserves, any defenses that may be available (including, without limitation, defenses relating to jurisdiction), and Wells Fargo does not concede that Plaintiffs' allegations state a valid claim under any applicable law. Indeed, Wells Fargo denies all such allegations and any liability to Plaintiffs.

WHEREFORE, Wells Fargo hereby removes this Action from the General Court of Justice, Superior Court Division of Forsyth County, North Carolina, to this Court, and requests that this Court take jurisdiction and issue all necessary orders and process to remove this Action from the State Court. Wells Fargo further requests that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the State Court Action be stayed.

This the 18th day of August, 2025.

/s/ *Jason D. Evans*
Jason D. Evans (State Bar No. 27808)
jason.evans@troutman.com
TROUTMAN PEPPER LOCKE LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: (704) 916-1502

*Counsel for Defendant Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of August, 2025, I served a copy of the foregoing, **NOTICE OF REMOVAL**, via U.S. Mail, postage prepaid, and via email, on:

Jacklyn Irizarry
2389 Church Street
Manasquan, NJ 08736
jackie.schachter@yahoo.com

Rebecca Herlihy
c/o Jacklyn Irizarry
2389 Church Street
Manasquan, NJ 08736
jackie.schachter@yahoo.com

Jessica Hicks
c/o Jacklyn Irizarry
2389 Church Street
Manasquan, NJ 08736
jackie.schachter@yahoo.com

                                      /s/ *Jason D. Evans*
                                      Jason D. Evans