# EXHIBIT A

# IN THE GENERAL COURT OF JUSTICE
# SUPERIOR COURT DIVISION
# FORSYTH COUNTY, NORTH CAROLINA

JACKLYN IRIZARRY, REBECCA HERLIHY, and JESSICA HICKS,

Plaintiffs,

v.

WELLS FARGO, N.A., as former Trustee of the Vita Lefkowitz Irrevocable Trust,

Defendant.

## COMPLAINT

### FACTUAL BACKGROUND

1. Plaintiffs are three of six named beneficiaries of the Vita Lefkowitz Irrevocable Trust, which was established to preserve and grow assets for the benefit of its beneficiaries upon the settlor's passing. Plaintiff Jacklyn Irizarry was formerly known as Jacklyn Schachter, and Plaintiff Rebecca Herlihy was previously known as Rebecca Schachter, as listed in the trust document.

2. Following the death of the prior trustee, David Lefkowitz, in 2017, Wells Fargo became the acting trustee of the trust. Wells Fargo failed to notify the beneficiaries, failed to properly invest the trust, and failed to fulfill its fiduciary obligations from 2017 through 2022. In correspondence with Plaintiff, Wells Fargo employee Kenneth Cohen stated the Vita Lefkowitz Irrevocable Trust was not actively managed from 2017-2022. This admission further confirms that no fiduciary action or prudent investment strategy was applied during a critical period for the trust's assets. Additionally, although Wells Fargo has since referenced a declination of the trustee role, the letter was reportedly sent to one of their own internal employees, Ryan Beaudry, rather to any beneficiary or outside party. Plaintiff Jacklyn Irizarry in correspondence with their employee, Ryan Beaudry, confirmed that he never received a copy of the declination letter. This failure to communicate effectively renders the declination questionable under North Carolina trust law and reinforced that Wells Fargo retained responsibility during this period.

3. Wells Fargo waived its trustee fees, and paid IRS penalties associated with prior trust mismanagement—further demonstrating acknowledgment of its role and breaches.

4. Plaintiffs were unaware of Wells Fargo's appointment or service as trustee for a number of years due to lack of transparency. No communications or timely disclosures were made during the trust's most financially consequential period.

5. A financial expert has determined that under a reasonable investment standard (75/25 allocation), the trust would have grown by approximately $17 million, substantially more than what was preserved or achieved under Wells Fargo's management.

6. Wells Fargo has continued to retain control of approximately $20,000 in trust funds which it states are being held for unresolved tax matters. According to Wells Fargo, their tax preparers have not yet received authorization to release the funds, but they have been unable to provide a specific timeline for resolution or further documentation supporting the withholding. Plaintiffs have requested clarification but as of this date of filing no final accounting or distribution plan has been provided. This continued control over trust assets further reflects the Defendants ongoing involvement and failure to resolve outstanding fiduciary responsibilities in a timely and transparent matter.

7. In August of 2022, Wells Fargo employee, Nancy Lynch informed Plaintiff Jacklyn Irizarry that the trust was subjected to a 20% cap on distribution, which conflicted with the actual trust terms. Plaintiff reviewed the trust and responded that it allowed for the distribution of any and all funds under the HEMS standard to ensure the beneficiary's comfort and well-being. Wells Fargo did not dispute this rebuttal and shortly after submitted its resignation as trustee. The timing of the resignation following this challenge further supports Plaintiffs position that Wells Fargo was not acting in accordance with the trust terms and chose to exit rather than engage with its fiduciary obligations.

## CLAIMS FOR RELIEF

6. Breach of Fiduciary Duty – Defendant, as trustee, owed fiduciary duties to Plaintiffs, including duties of loyalty, care, and prudent investment. By failing to act in accordance with these duties and failing to properly manage the trust assets or communicate with beneficiaries, Wells Fargo materially breached these obligations.

7. Negligence – In the alternative, Defendant acted negligently in the execution of its responsibilities as trustee by failing to safeguard and prudently invest trust assets.

8. Constructive Acceptance – Even if Defendant argues it never formally accepted the trustee role, its actions—including filing tax returns, paying IRS penalties, and waiving trustee fees—constituted constructive acceptance under North Carolina trust law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:
a. Enter judgment against Defendant for damages in an amount to be determined at trial. Plaintiffs estimate that the trust suffered approximately $17 million in lost investment value. As three of six beneficiaries, Plaintiffs seek their proportional share of damages,

representing approximately $8.5 million;
b. Award Plaintiffs costs and reasonable fees as permitted by law;
c. Grant such other and further relief as the Court deems just and proper.


Dated: June 23, 2025


Respectfully submitted,

*[signature]*

Jacklyn Irizarry
2389 Church Street
Manasquan, NJ 08736
jackie.schachter@yahoo.com
646-875-0526


Plaintiffs reserve the right to amend this Complaint at any time as new information becomes available or legal counsel is retained.

# STATE OF NORTH CAROLINA
# IN THE GENERAL COURT OF JUSTICE
# SUPERIOR COURT DIVISION
# FORSYTH COUNTY

## CIVIL SUMMONS
File No.: 25 CVS 4549

### Plaintiff(s)
Jacklyn Irizarry
2389 Church Street
Manasquan, NJ 08736

Rebecca Herlihy

Jessica Hicks

### Defendant(s)
Wells Fargo, N.A.
420 Montgomery Street
San Francisco, CA 94104

TO THE ABOVE NAMED DEFENDANT(S):

You are notified to appear and answer the complaint of the plaintiff as follows:
1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within THIRTY (30) days after you have been served.
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

This the 7 day of July, 2025.

_Autumn Huthns, Asst_

Clerk of Superior Court

Plaintiff (Pro Se): Jacklyn Irizarry

Phone: 646-875-0526

Email: jackie.schachter@yahoo.com